# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 20-CR-1018-CJW-MAR |
| vs. | |
| PATRICK MILLER WEBB, JR., | **ORDER** |
| Defendant. | |

___

This matter is before the Court on a pro se filing (Doc. 134) from defendant Patrick Webb, which the Clerk of Court filed as a motion for extension of time to file a motion pursuant to Title 28, United States Code, Section 2255.

On December 3, 2021, the Court sentenced defendant to 380 months' incarceration after a jury convicted him of distribution of a controlled substance near protected location and two firearms related offences. (Docs. 76, 110). Defendant filed an appeal, which the Eighth Circuit Court of Appeals denied on June 12, 2023. (Doc. 126). Webb subsequently filed a motion, which the Eighth Circuit denied, requesting his prior counsel turn over his case file. (Doc. 133).

Defendant mailed the present motion on May 17, 2024. In it, defendant asks for an extension of time to file a Section 2255 motion, stating that he is unable to complete his motion without access to various discovery materials. (Doc. 134). However, a one-year limitations period applies to motions filed under Section 2255. *See* Title 28. United States Code, Section 2255 (f); *see also Taylor v. United States*, 792 F.3d 865, 869 (8th Cir. 2015). The limitations period runs from the latest of (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the

United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. *Id*. This one-year limitations period is a strict standard with only a very narrow exception:

> [T]he Antiterrorism and Effective Death Penalty Act of 1996 imposed, among other things, a one-year statute of limitations on motions by prisoners under section 2255 seeking to modify, vacate, or correct their federal sentences. *See Johnson v. United States*, 544 U.S. 295, 299, 125 S. Ct. 1571, 161 L.Ed.2d 542 (2005). The one-year statute of limitation may be equitably tolled "only if [the movant] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2562, 177 L.Ed.2d 130 (2010) (*quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L.Ed.2d 669 (2005)) (applicable to section 2254 petitions); *see also United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir.2005) (applying same rule to section 2255 motions).

*Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013).

Regardless of whether defendant is asking the Court to prospectively find that he is entitled to equitable tolling, or to extend the deadline to file his Section 2255 motion, the Court is aware of no authority which would allow it to do either. *See Green v. United States*, 260 F.3d 78, 81 (2d Cir. 2001) (district courts do not generally have the authority to grant a motion to extend the deadline to file a Section 2255 motion); *see also United States v. Miller*, No. 06-CR-20080, 2008 WL 4541418, at *1 (C.D. Ill. Oct. 9, 2008). Thus, to the extent defendant is requesting the Court extend the deadline for him to file a Section 2255 motion, or find he is entitled to equitable tolling, his motion (Doc. 134) is **denied** without prejudice.

*Green*, cited above, does state "[w]here a motion, nominally seeking an extension of time, contains allegations sufficient to support a claim under section 2255, a district court is empowered, and in some instances may be required, under *Haines* to treat that motion as a substantive motion for relief under section 2255." 260 F.3d at 83-84, *citing Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, *Green* was filed before *Castro v. United States*, 540 U.S. 375, 383 (2003), which now requires a court to give a defendant notice before reclassifying an untitled pro se filing as defendant's first Section 2255 motion. Regardless, defendant's present motion gives no indication of what issues he wishes to raise in his Section 2255 motion. As such, there is no basis to treat his motion for an extension of time as his actual Section 2255 motion.[1]

Webb's filing also discusses his issues obtaining discovery. Again, he cites no law that allows a court to prospectively grant a defendant's request to conduct discovery for the purposes of drafting a Section 2255 motion, and the Court is aware of none. Rather, the Court may direct discovery *after* a Section 2255 motion is filed. *See* Rule 6, Rules Governing Section 2255 Proceedings. Thus, to the extent that Webb is requesting discovery, that request is **denied**. The Clerk of Court office is **directed** to send Webb a copy of his criminal docket sheet and inform him about the standard cost for copies.

Webb also complains that prison officials are obstructing his ability to get discovery. However, the Court has no power to consider that issue unless it is raised pursuant to a proper procedural mechanism, such as the previously discussed discovery motion filed after the Section 2255 motion is filed, or an exhausted Federal Tort Claims Act case or complaint filed in the proper venue pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

---

[1] Upon receipt of his motion, the Clerk of Court sent defendant the standard Section 2255 form.

**IT IS SO ORDERED** this 20th day of May, 2024.

_____
C.J. Williams, Chief Judge
United States District Court
Northern District of Iowa